IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| IOWA PREMIUM BEEF, LLC, and <br> TBI CAPITAL, LLC, <br>                 Plaintiffs, <br> v. <br><br> GLOBAL CAPITAL LIFE, LLC, ROD SPRAY, <br> DANIEL L. BRUNE, and JAMES NILES, <br>                 Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 12cv39 <br><br> ORDER |

This matter is before the court on defendants' resisted Joint Motion to Dismiss Plaintiffs' Claims and, in the Alternative, to Compel Arbitration, filed June 4, 2012. Briefing concluded on September 17, 2012. Denied. Dismissed unless supplemental jurisdictional statement filed by not later than Monday, March 4, 2013.

Plaintiffs Iowa Premium Beef, LLC (IBP), and TBI Capital, LLC (TBI), bring this action seeking damages and equitable relief from defendants Global Life, LLC (Global), Spray, Brune, and Niles, in the following counts: Count 1 – Breach of Contract; Count 2 – Unjust Enrichment; Count 3 – Conversion; Count 4 – Negligent Misrepresentation; and Count 5 – Fraudulent Misrepresentation.

In their First Amended Complaint filed July 2, 2012, plaintiffs plead that IPB and TBI are Iowa limited liability companies, and that Global is a Wyoming limited liability company. Plaintiffs plead that the members of IPB are "of" Iowa, Nebraska, Michigan, and New York. Plaintiffs further plead that the members of TBI (which is a member of IPB) reside in Iowa, Michigan, Tennessee, Florida, Illinois, and Arkansas.

Plaintiffs' First Amended Complaint does not appear to touch upon the citizenship of TBI members James Kimble Revocable Living Trust, or Sean Finegan Trust. Global's members (Spray, Brune, Niles, and "potentially others") are pleaded to be residents of California.

A limited liability company is considered to be a citizen of every state of which its owners/members are citizens. GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F3d 827 (8th Cir. 2004). While plaintiffs assert that the court has jurisdiction pursuant to 28 USC §1332 "for the reason that all plaintiffs and all defendants are citizens of different states…," plaintiff pleads residency, rather than citizenship. Jurisdiction under 28 USC §1332 is predicated upon citizenship, which plaintiff has failed to properly plead. Sanders v. Clemco, 823 F2d 214, 216 (8th Cir. 1987); Peoples Bank & Trust Co. v. Rue, 210 FS 952 (ND IA 1962). This matter shall be dismissed unless plaintiff files a supplemental jurisdictional statement by not later than Monday, March 4, 2013, properly pleading subject matter jurisdiction.

The original Complaint in this matter, filed April 4, 2012, was superseded by the First Amended Complaint filed July 2, 2012, and therefore Defendants' Joint Motion to Dismiss or Compel Arbitration filed June 4, 2012, shall be denied as moot, without prejudice to reassertion against the First Amended Complaint. If defendants wish to reassert any part of the previous motion, defendants shall not incorporate previous filings by reference.

It is therefore

ORDERED

1.  Defendants' Motion to Dismiss or Compel Arbitration denied without prejudice.

2.  Dismissed unless plaintiff files supplemental jurisdictional statement by not later than Monday, March 4, 2013.

February 4, 2013.

*Edward J. McManus*
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT